# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of the Virgin Islands

| | |
|---|---|
| CLIFFORD BOYNES, ET AL.<br>*Plaintiff*<br>v.<br>LIMETREE BAY VENTURES, LLC, ET AL.<br>*Defendant* | )<br>)<br>) Civil Action No. 1:21-cv-00253-WAL-EAH<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: BittmanLaw
The Willard Office Building, 1455 Pennsylvania, Ave., NW, Ste. 400, Washington, DC 20004

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Burns Charest LLP<br>4725 Wisconsin Ave., NW, Ste. 200<br>Washington, DC 20016 | Date and Time:<br>08/05/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/16/2025

*CLERK OF COURT*
OR
/s/ Daniel H. Charest

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Clifford Boynes, et al. , who issues or requests this subpoena, are:

Daniel H. Charest, 900 Jackson St., Ste. 500, Dallas, TX 75202, dcharest@burnscharest.com, (469) 904-4550.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00253-WAL-EAH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "You," "Your," or "BittmanLaw" refers to BittmanLaw and any of its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on behalf of BittmanLaw.

2. "Class Action Case Defendant" means, as relates to this Subpoena, Limetree Bay Refining, LLC; Limetree Bay Energy, LLC; Limetree Bay Ventures, LLC; Limetree Bay Terminals, LLC; Limetree Bay Holdings, LLC; Limetree Bay Preferred Holdings, LLC; EIG Global Energy Partners, LLC; BP Products North America, Inc.; Universal Plant Services (VI), LLC, Excel Construction & Maintenance VI, Inc., Elite Turnaround Specialists, Ltd., National Industrial Services, LLC, and/or Versa Integrity Group, Inc, and any of their predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on any of their behalf.

3. "Limetree Bay Ventures" means Limetree Bay Ventures, LLC and any of its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on any of their behalf.

4. "Limetree Bay Terminals" means Limetree Bay Terminals, LLC and any of its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on any of their behalf.

5. "Limetree Bay Refining" means Limetree Bay Refining, LLC and any of its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors,

employees, representatives, agents, or any persons acting or purporting to act on any of their behalf.

6. "EIG" means EIG Global Energy Partners, LLC and any of their predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, officers, directors, employees, representatives, agents, or any persons acting or purporting to act on any of their behalf.

7. "Relevant Time Period" means January 1, 2021 to the present.

8. "Limetree Bay Refinery" refers to the refinery located at 1 Estate Hope, Christiansted, Virgin Islands 00820-5652, which was owned and/or operated by Limetree Bay Refining, LLC, Limetree Bay Terminals, LLC, and affiliates thereof.

9. "Agreement" means any offer, acceptance, contract, bid, agreement, arrangement, work order, sale, or transcription, whether consummated or not, and irrespective of its mode of communication (*i.e.*, oral, written, electronic, etc.).

10. "Communication" means the transmission, sending, and/or receipt of information of any kind by any means including, but not limited to, writings, correspondence, facsimile, computer electronics of any kind (*e.g.*, email, Facebook Messenger, LinkedIn messages, WhatsApp messages, Teams chats, or similar platforms), cell phone or text messages, videotapes, photographs, telecommunications, telegrams, photographic film of all types, and other media of any kind.

11. "Document" has the same meaning as in Federal Rule of Civil Procedure 34, meaning any tangible thing which is in BittmanLaw's possession, custody, or control, regardless of where located, including the original and any copy, regardless of origin or location, of any kind of written, typewritten, printed, graphic, or recorded material.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all Documents and Communications between You and counsel or other representatives of any Class Action Case Defendant, including counsel for Limetree Bay Ventures, Limetree Bay Refining, Limetree Bay Terminals, and/or EIG, concerning any subpoena or deposition, including all Documents and Communications concerning the invocation of the Fifth Amendment, and the scheduling, delay, or postponement of any deposition.

### REQUEST FOR PRODUCTION NO. 2:

Produce all Documents and Communications between You and counsel or other representatives of any Class Action Case Defendant, including counsel for Limetree Bay Ventures, Limetree Bay Refining, Limetree Bay Terminals, and/or EIG, concerning any motion for protective order, motion to quash, motion to stay, or any other similar filed or contemplated motions, including the purported need for or timing of any such filed or contemplated motion.

### REQUEST FOR PRODUCTION NO. 3:

Produce all Documents and Communications between You and counsel or other representatives of any Class Action Case Defendant, including counsel for Limetree Bay Ventures, Limetree Bay Refining, Limetree Bay Terminals, and/or EIG, concerning any criminal investigation, grand jury subpoena, or other similar proceeding concerning the Limetree Bay Refinery.

### REQUEST FOR PRODUCTION NO. 4:

Produce all Documents and Communications concerning any criminal investigation, grand jury subpoena, or other similar proceeding, including target letters, subpoenas, or any other similar Documents or Communications from The Department of Justice, the United States Attorney's

3

Office for the District of the Virgin Islands, and/or any federal grand jury relating to the status and/or ongoing nature of any criminal investigation or proceedings concerning the Limetree Bay Refinery.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CLIFFORD BOYNES, et al.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>    Defendants. | Civil Action No. 2021-0253 |
| **HELEN SHIRLEY, et al.,**<br>    Plaintiffs,<br>    v.<br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>    Defendants. | Civil Action No. 2021-0259 |
| **MARY L. MOORHEAD, et al.,**<br>    Plaintiffs,<br>    v.<br><br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>    Defendants. | Civil Action No. 2021-0260 |
| **BEECHER COTTON, et al.,**<br><br>    Plaintiffs,<br>    v.<br>**LIMETREE BAY VENTURES, LLC, et al.,**<br>    Defendants. | Civil Action No. 2021-0261 |

## NOTICE OF SERVICE OF NON-PARTY SUBPOENAS

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiffs, by and through the undersigned counsel, hereby intend to serve a subpoena to produce documents, information, or objects of non-party, BittmanLaw.

DATED: July 16, 2025                        Respectfully submitted,

                                                                            BY:   */s/ Daniel H. Charest*
                                                                              Warren T. Burns, Esq.
                                                                              Daniel H. Charest., Esq.
                                                                              Martin D. Barrie, Esq.
                                                                              Quinn M. Burns, Esq.
                                                                              Anna Katherine Benedict, Esq.
                                                                              BURNS CHAREST LLP
                                                                              900 Jackson Street, Suite 500
                                                                              Dallas, Texas 75202
                                                                              Telephone: (469) 904-4550
                                                                              wburns@burnscharest.com
                                                                              dcharest@burnscharest.com
                                                                              mbarrie@burnscharest.com
                                                                              qburns@burnscharest.com
                                                                              abenedict@burnscharest.com

BY:   */s/ Korey A. Nelson*
      Korey A. Nelson, Esq.
      H. Rick Yelton, Esq.
      BURNS CHAREST LLP
      201 Saint Charles Ave., Suite 2900
      New Orleans, Louisiana
      Telephone: (504) 799-2845
      knelson@burnscharest.com
      ryelton@burnscharest.com

BY:   */s/ Timothy W. Burns*
      Timothy W. Burns
      BURNS BAIR LLP
      10 E. Doty Street, Suite 600
      Madison, Wisconsin 53703
      Telephone: (608) 286-2302
      tburns@burnsbair.com

BY:   */s/ Vincent Colianni II*
      Vincent Colianni, II, Esq.

Vincent A. Colianni, Esq.
Marina Leonard, Esq.
COLIANNI & LEONARD LLC
2120 Company Street
Christiansted, VI 00820
Telephone: (340) 719-1766
vinny@colianni.com
vince@colianni.com
marina@colianni.com

BY: ___/s/ C. Jacob Gower_____
C. Jacob Gower, Esq.
GOWER LEGAL LLC
1919 Pine Street
New Orleans, LA 70118
Telephone: (337) 298-9734
jacob@gowerlegal.com

BY: ___/s/ Kerry J. Miller_____
Kerry J. Miller, Esq.
Paul C. Thibodeaux, Esq.
E. Blair Schilling, Esq.
Rebekka C. Veith, Esq.
C. Hogan Paschal, Esq.
Carly E. Jonakin, Esq.
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
pthibodeaux@fishmanhaygood.com
bschilling@fishmanhaygood.com
rveith@fishmanhaygood.com
hpaschal@fishmanhaygood.com
cjonakin@fishmanhaygood.com


BY: ___/s/ Hugh Lambert_____
Hugh Lambert, Esq.
J. Christopher Zainey, Esq.
Brian Mersman, Esq.
LAMBERT ZAINEY SMITH & SOSO, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931

3

hlambert@lambertainey.com
czainey@lambertzainey.com
bmersman@lambertzainey.com

BY: ___/s/ John K. Dema___
John K. Dema, Esq.
LAW OFFICES OF JOHN K. DEMA, PC
1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00820


BY: ___/s/ Lee J. Rohn___
Lee J. Rohn, Esq.
Rhea R. Lawrence, Esq.
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com
rhea@rohnlaw.com

BY: ___/s/ Shanon J. Carson___
Shanon J. Carson, Esq.
Yechiel Michael Twersky, Esq.
John Kerrigan, Esq.
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net
mitwersky@bm.net
jkerrigan@bm.net

**Counsel for Plaintiffs**


**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2025, a true and correct copy of the foregoing document was electronically served pursuant to the Federal Rules of Civil Procedure.

/s/ Daniel H. Charest
Daniel H. Charest

4